# FEDERAL DEFENDER SERVICES OF IDAHO

**NICOLE OWENS**
FEDERAL DEFENDER

**MARK ACKLEY**
FIRST ASSISTANT

**DEBORAH A. CZUBA**
CAPITAL HABEAS UNIT

**STEVEN RICHERT**
POCATELLO TRIAL UNIT

June 7, 2023

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

  Re: *United States v. Miguel Alaniz*, Case No. 22-30141

Dear Ms. Dwyer,

Pursuant to rule 28(j), I enclose the Third Circuit's recent en banc decision in *Range v. Att'y Gen.*, __F.4th __, 2023 WL 3833404, No. 21-2835 (3d Cir. June 6, 2023) (en banc), which bears on 1) whether Mr. Alaniz is a member of "the people" for purposes of the Second Amendment and 2) whether his conduct in this case—possessing firearms in a way that the district court found was probably not connected to drug trafficking activity—is constitutionally protected.

In *Range*, the Third Circuit rejected the government's argument that the Second Amendment extends only to "law-abiding, responsible citizens," holding that people convicted of felonies presumptively retain their Second Amendment rights. In reaching this result, *Range* rejected any approach to the Second Amendment that "devolves authority to legislators to decide whom to exclude from [the Second Amendment's scope]." *Id.*, slip op. at 14. It rejected this approach because "such extreme deference gives legislatures unreviewable power to manipulate the Second Amendment by choosing a label." *Id.* (quoting *Folajtar v. Att'y Gen.*, 980 F.3d 897, 912 (3d Cir. 2020) (Bibas, J., dissenting)).

Just as it did in *Range*, the government here argued that "the people" in the Second Amendment refers only to "law-abiding, responsible citizens." *Range* persuasively explains why this argument is wrong. *Id.*, slip op. at 11-15. But *Range* also puts a fine point on why the government's *conduct-based* defense of enhancing Mr. Alaniz's punishment under USSG § 2D1.1(b)(1) must fail. Simply put, if a person's firearm possession can fall outside the Second Amendment's scope so long as the Sentencing Commission has elected to label that conduct as *possession whose connection with drug trafficking is not clearly improbable*—and notwithstanding the fact that a court has separately found that the person

BOISE TRIAL UNIT
702 W. IDAHO ST., STE. 1000
BOISE, IDAHO 83702
(208) 331-5500
FAX (208) 331-5525

CAPITAL HABEAS UNIT
702 W. IDAHO ST., STE. 900
BOISE, IDAHO 83702
(208) 331-5530
FAX (208) 331-5559

POCATELLO TRIAL OFFICE
757 NORTH 7TH AVENUE
POCATELLO, IDAHO 83201
(208) 478-2046
FAX (208) 478-6698

FEDERAL DEFENDER SERVICES OF IDAHO
LAW OFFICES

probably did not possess firearms in connection with drug trafficking[1]—then the Commission is ultimately empowered to do exactly what the Third Circuit rightly recognized that the Second Amendment forbids: "manipulate the Second Amendment by choosing a label." *Id.*, slip op. at 14. *Range* persuasively explains why this is not a permissible result under *Bruen*, and thus persuasively explains why the district court's decision must be reversed.

Cordially,

*/s/ Miles Pope*

Managing Attorney
Federal Defender Services of Idaho

---

[1] In finding that Mr. Alaniz was safety-valve eligible, the district court necessarily found that he probably did not engage in the conduct proscribed by USSG § 2D1.1(b)(1), and thus that he probably simply possessed firearms in a way unconnected with drug trafficking. *See United States v. Nelson*, 222 F.3d 545, 550 (9th Cir. 2000) ("[C]onduct which supports a 2D1.1(b)(1) enhancement is the same as conduct which will defeat a defendant's request for safety valve relief.").